**ORIGINAL**

RECEIPT NUMBER
536194

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF MICHIGAN

-SOUTHERN DIVISION-

---

**Maxwell G. Todhunter,**

    Plaintiff,

-v-

**Jeff Swan** and
**Chris Paraski,**

    Defendants.

JUDGE : Cleland, Robert H.
DECK : S. Division Civil Deck
DATE : 12/30/2005 @ 09:32:25
CASE NUMBER : 2:05CV74934
CMP TODHUNTER V. SWAN ET AL
(DA) SI

MAGISTRATE JUDGE R. STEVEN WHALEN

---

The F. L. Gibson Group, P.C.
**Fred L. Gibson P39530**
Attorney for Plaintiff
38550 Garfield Rd., Ste A
Clinton Twp., MI 48038-3406
586-416.2520 / 586-226.5534[fx]
Email: fgibson@voyager.net

---

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the complaint.

_/s/ Fred L. Gibson_
Fred L. Gibson P39530

## COMPLAINT

## AND

## DEMAND FOR TRIAL BY JURY

Plaintiff states:

## NATURE OF CASE

Plaintiff, Maxwell G. Todhunter, asserts a 42 U.S.C. §1983 claim for Excessive Force in violation of U.S.C.A. 4 against the defendants - Macomb County Sheriff's Deputies Jeff Swan and Chris Paraski - for injuries incurred and damages sustained subsequent to a traffic stop of the vehicle which plaintiff was a passenger in, on the evening of September 11, 2004.

## PARTIES

1. Plaintiff, Maxwell G. Todhunter, is a resident of the State of Michigan, County of Macomb.
2. Defendant, Jeff Swan, is a resident of the State of Michigan and, upon information and belief, County of Macomb.
3. Defendant, Chris Paraski, is a resident of the State of Michigan and, upon information and belief, County of Macomb.

## JURISDICTION AND VENUE

4. Jurisdiction is vested in the United States District Court pursuant to 28 U.S.C.§1331; 28 U.S.C.§1343 and 28 U.S.C.§1367. Further, the amount in controversy is in excess of $75,000.00.
5. Venue is appropriate in the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §1391. Further, the events that gave rise to this lawsuit occurred in Macomb County, Michigan.

## STATEMENT OF FACTS

6. At all times relevant and material to the facts of this case defendant, Jeff Swan, was and, upon information and belief, continues to be a sworn police officer employed by the County of Macomb, in its Sheriff's Department.
7. At all times relevant and material to the facts of this case defendant, Chris Paraski, was and, upon information and belief, continues to be a sworn police officer employed by the County of Macomb, in its Sheriff's Department.

8. At all times relevant and material to the facts of this case, each defendant was on-duty and working in their respective capacities as Deputy Sheriffs for and on behalf of the County of Macomb.

9. At all times relevant and material to the facts of this case, each defendant was charged with the duty and obligation to execute their lawful, statutory duties within the parameters set forth by the constitution and laws of the State of Michigan and of the United States and was not to subject a private citizen, or cause a private citizen to be subjected to the deprivation of any rights, privileges or immunities secured by the Constitution and/or laws of the State of Michigan and United States.

10. At all times relevant and material to the facts of this case, each defendant was acting under color of law [42 U.S.C. §1983].

11. Each defendant is being sued in his individual capacity.

12. The incident and events that gave rise to this action occurred on or after 11:30 p.m. on September 11, 2004, in the area of Campground and 30 Mile Roads, Washington Township, Macomb County, Michigan.

13. On the date, time and location above stated, defendants Swan and Paraski, uniformed Sheriff's Deputies operating a marked Sheriff's Department police vehicle, stopped a 1992 Jeep Cherokee for an alleged traffic violation.

14. Driving the vehicle was Jameson Fortuna, who was 19 at the time; in the right front passenger seat was plaintiff, Maxwell G. Todhunter, who was then 17; in the backseat was Bryan Sanchez, who was 19.

15. After stopping the Jeep, defendant Paraski contacted the driver while defendant Swan made contact with plaintiff. Swan noted the odor of intoxicants coming from the vehicle and observed one or two open beer containers on the floor near plaintiff's feet. Swan and/or Paraski then ordered all three to exit their vehicle.

16. On exiting the vehicle it would have been evident to even the most casual observer that plaintiff was favoring his left leg and walking with an exaggerated limp.

17. At approximately nine years of age plaintiff sustained a severe injury to his left leg, the result of which degraded the growth plate in that leg. In the years subsequent to that injury, continuing to present time, plaintiff has been caused to undergo and endure multiple and extremely painful surgical procedures to lengthen the leg and multiple therapy sessions for functionality. Because plaintiff's left leg is still shorter and much weaker than his right and its flexibility limited, he walks with an exaggerated limp.

18. After causing the three occupants to exit their vehicle, defendants directed Fortuna to be seated in the left rear of defendants' police vehicle, Sanchez in the center and plaintiff in the right rear.

19. On being told to get in the right rear seat of the police vehicle it was readily apparent to plaintiff, who understood and long endured his leg's limitations, there was insufficient room for him to get in the back along with Fortuna and Sanchez.

20. In a respectful fashion, plaintiff informed the defendants he did not think he could fit in, that he had a problem with his left leg, that he recently had surgery on it. Instead of inquiring further, defendants deliberately ignored the information.

21. Knowing of plaintiff's disability and restrictions Fortuna and Sanchez used their best efforts to give plaintiff as much leg room as possible. However, their efforts were impeded by the limitations in space available in the back seat of the vehicle as the partition situated behind the front seats protruded into and garnered much of the space that otherwise exists in the back seat area of passenger vehicles.

22. Though slow in doing so, plaintiff got his left leg in and sat down on the far edge of the seat with the right half of his body extended off the seat, balancing himself with his right foot outside of the car on the ground.

23. After administering the PBT to Fortuna, Sanchez and plaintiff, as one of the defendants started to shut the right rear passenger's door, plaintiff again informed the defendants, what was otherwise obvious, that there was not enough room for him to get in because of the problems with his left leg.

24. Deliberately ignoring the information Swan and/or Paraski forced the door shut leaving plaintiff no alternative but to pull his right leg into the vehicle.

25. The door was shut with sufficient force that plaintiff's body was pushed sideways into the car. Because there was no room for plaintiff to properly situate his left leg, immediately upon being shoved to the left plaintiff heard a snap and the immediate rush of stabbing pain to the left knee and area surrounding that knee.

26. Because of the pain, and strongly suspecting he had sustained injury to his knee, plaintiff pleaded with defendants to be let out. Plaintiff repeated his request only to be told by one of the defendants they would let him out when they put handcuffs on him.

27. Instead of letting plaintiff out defendants simply had plaintiff extend his arms outward, whereupon he was handcuffed.

28. While defendants transported plaintiff, Sanchez and Fortuna to the Macomb County Jail for booking plaintiff repeated to the defendants, more than once, that they needed to let him out as he thought his leg was broken. Defendants deliberately ignored plaintiff's pleas.

29. At the jail, plaintiff had much difficulty leaving the police vehicle and walking to where defendants directed him. While being booked plaintiff again reported and the Jail Detention Card confirms plaintiff had a "*Known Medical Problem*," with a Cautionary Comment of "*Injury to Left Leg.*"

30. On completion of the booking process plaintiff was imprisoned in a holding cell with many other inmates.

31. While imprisoned, plaintiff, and other inmates on his behalf, made numerous requests for medical attention, to no avail.

32. After his release it was confirmed that plaintiff had sustained a fracture to his femur and was subsequently caused to undergo additional surgery on his left leg due to the injury sustained. Plaintiff has been forced to undergo additional surgical procedures in 2005 and anticipates additional intervention and therapy in the future.

33. On information and belief, defendants violated certain rule(s), regulation(s), policy(s) and/or procedure(s) to which they were charged with following by their employer, for example but not limitation to:

   a. By placing and/or transporting more than two individuals under their custody and control in the back seat of a police vehicle;

   b. By failing and/or refusing to call for an additional transport vehicle and/or failing and/or refusing to accept the assistance from another police vehicle that had come to the scene of the arrest to transport one or more of the individual(s) under their custody and control;

   c. By failing and/or refusing to obtain medical attention for an individual in their custody and control who has made it known they may have sustained injury.

## VIOLATION OF U.S.C.A. 4

34. The 4th Amendment protects individuals from the misuse of governmental power, particularly the use of excessive force in the course of an arrest, investigatory stop or other seizure of a free citizen.

35. Each defendant knew, or should have known that plaintiff was possessed of the 4th Amendment right not to be subject to excessive force during the course of an arrest, investigatory stop or other seizure of plaintiff's person.

36. The right of a nonviolent arrestee to be free from unnecessary pain knowingly inflicted during an arrest was clearly established as of September 11, 2004.

37. Plaintiff neither wanted, nor invited, nor did he provoke or initiate any action that would have justified such malicious treatment by defendants. In other words, he was a nonviolent arrestee who had been arrested for minor misdemeanor offenses.

38. At all times relevant and material to the facts of this case, none of the defendants was confronted with a rapidly evolving, fluid and dangerous predicament which would have precluded the luxury of calm and reflective pre-response deliberation.

39. At all times relevant and material to the facts of this case, each defendant was afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action.

40. The act of shoving plaintiff into a police vehicle after being placed on notice by plaintiff of the physical limitations/medical problems with his left leg, as more fully described above, was objectively unreasonable in light of the facts and circumstances confronting them.

41. That on the date and time above referenced, each defendant violated the law, the constitution and his sworn duty in that the act(s) and/or omission(s) attributable to each defendant, as more fully described in the paragraphs above, was willful, wanton and/or taken with deliberate indifference and/or with reckless disregard to plaintiff's federally protected rights.

42. That as a direct and proximate result of the wrongful act(s) and/or omission(s) attributable to each defendant, as above described, plaintiff suffered injury and damage, past, present and future, including the following by way of example, but not limitation to:

   a. extreme pain, suffering, and emotional distress;
   b. humiliation, mortification and embarrassment;
   c. physical and psychological injuries;
   d. medical treatment, hospitalizations and surgical procedures and expenses associated therewith;
   e. caused to take medications to assuage pain;
   f. exacerbation of pre-existing medical /emotional conditions;
   g. other injuries and damages and consequences that are found to be related to the events of September 11, 2004 that is the subject of this lawsuit that develops or manifest themselves during the course of discovery and trial.

## CONCERT OF ACTION

43. Plaintiff repeats each paragraph above as if fully set forth below.

44. At all relevant times, the defendants engaged in concerted activities as more fully described above.

45. Plaintiff may not be able to identify all of the activities of defendants due to the generic similarity of such activities as produced and promoted by these defendants.

46. As a direct and proximate result of defendants' concerted activities, plaintiff has sustained and will continue to sustain severe injuries and damages as more fully described above.

47. Due to the concert of action among the defendants, each is liable to plaintiff for those injuries and damages even if there was no direct relation to the activity conducted by that particular defendant.

48. Defendants are jointly, severally and/or alternatively liable to plaintiff for all of his injuries and damages.

**Relief Requested**

As and for each count above, plaintiff requests judgement enter against each defendant, jointly and severally, in whatever amount above $75,000.00 he is found to be entitled, to include all compensatory, special, exemplary and/or punitive damages allowed by statute, case law and court rule(s) as well as the costs of this litigation, interest and reasonable attorney fees.

Respectfully,

_____
Fred L. Gibson P39530
Attorney for Plaintiff
38550 Garfield Rd., Ste A
Clinton Twp MI 48038
586.416.2520
Email: fgibson@voyager.net

## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### -SOUTHERN DIVISION-

**Maxwell G. Todhunter,**

    Plaintiff,

-v-

**Jeff Swan** and
**Chris Paraski,**

    Defendants.

JUDGE : Cleland, Robert H.
DECK  : S. Division Civil Deck
DATE  : 12/30/2005 @ 09:32:25
CASE NUMBER : 2:05CV74934
CMP TODHUNTER V. SWAN ET AL
(DA) SI

MAGISTRATE JUDGE R. STEVEN WHALEN

_____/

**Fred L. Gibson P39530**
Attorney for Plaintiff
38550 Garfield Rd., Ste A
Clinton Twp., MI 48038-3406
586-416.2520 / 586-226.5534[fx]
_____/

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a Trial by Jury.

Respectfully,

_/s/ Fred L. Gibson_
Fred L. Gibson P39530
Attorney for Plaintiff
38550 Garfield Rd., Ste A
Clinton Twp MI 48038
586.416.2520
Email: fgibson@voyager.net

**ORIGINAL**

(11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Maxwell G. Todhunter

**DEFENDANTS**
Jeff Swan, Chris Paraski

05-74934

(b) County of Residence of First Listed Plaintiff  **Macomb**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Macomb**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

ROBERT H. CLELAND

(c) Attorney's (Firm Name, Address, and Telephone Number)
The F.L.Gibson Group PC / Fred L. Gibson
38550 Garfield Rd., Ste A, Clinton Twp MI 48038/586.416.2520

Attorneys (If Known) RC/74934/RSW
MAGISTRATE JUDGE R. STEVEN WHALEN

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☒ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 / USCA 4th
Brief description of cause: Police Misconduct/Excessive Force

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ **$75,000.00+**
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE  12/26/2005
SIGNATURE OF ATTORNEY OF RECORD  Fred L. Gibson P3953

**FOR OFFICE USE ONLY**
RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

4/48

...ANT TO LOCAL RULE 83.11

Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :